UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALFRED T. RILEY,
        Plaintiff,

    v.                                             Case No. 06C1087

STEVE WATTERS, et. al.,
        Defendants.

## DECISION AND ORDER

Plaintiff Alfred Riley, a civil committee proceeding pro se, has filed an action pursuant to 42 U.S.C. § 1983 against defendants Steve Watters, director of the Sand Ridge Treatment Facility where plaintiff resides; William Lundstrom, deputy administrator of the Department of Corrections Division of Hearings and Appeals; Ann Miller-Kleve, "client's agent"; and Maxine Martinez Harris, "agent's supervisor." Plaintiff asserts that defendants, in their official capacity and acting under color of state law, deprived him of due process in connection with the calculation of his prison release date, his parole revocation, and his civil commitment. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, although

plaintiff is in the custody of the state, the heightened requirements of the Prison Litigation Reform Act do not apply because he is a civil committee. See West v. Macht, 986 F.Supp. 1141, (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff avers that he supports two grandchildren on a monthly income of $150.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a

2

complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff claims that his commitment was based on a release date that was incorrectly calculated by state officials after his parole revocation. Prior to being committed, plaintiff avers that he filed two petitions for habeas corpus in state court arguing that his release date was incorrectly calculated. After being committed, plaintiff alleges that he brought a post-commitment motion in state court arguing that his counsel at his commitment trial had been in ineffective in that his counsel had failed to raise the claim that plaintiff's release date had been miscalculated and therefore the commitment was invalid. Plaintiff then states that his § 1983 claim is based on "the actions, described," indicating the incorrect calculation of plaintiff's release date and the state court cases in which he was unable to obtain relief. As to defendant Watters, plaintiff states only that he was personally responsible for these actions. Plaintiff seems to be suing Lundstrom because Lundstrom, in his role as deputy administrator of the Department of Hearings and Appeals, denied plaintiff's requests to be released. He is suing Miller-Kleve based on her failure to correct "erroneaus [sic] and derogatory information" in his parole or institutional file – presumably the miscalculated release date and/or information relating to the validity of his commitment. Plaintiff does not mention Harris in the body of his complaint, but because he refers to her as "agent's supervisor," I presume that he implicates Harris in connection

3

with her supervision of Miller-Kleve. Plaintiff alleges that these actions violated his right to due process and requests damages in the amount of $250,000.

It is clear that 42 U.S.C. § 1983 is not the proper procedural vehicle for plaintiff's claims; his claims must be raised in a petition for habeas corpus under 28 U.S.C. § 2241. Section 2241 provides a remedy to persons contending that they are "in custody" in violation of the Constitution while § 1983 authorizes civil actions for deprivations of constitutional rights. Although the potential exists for a substantial overlap between the two statutes, the Supreme Court has held that when a person can obtain relief for a violation of federal law through a petition for a writ of habeas corpus, he may not bring a claim under § 1983 until he has prevailed in his habeas claim. Preiser v. Rodriguez, 411 U.S. 475 (1973). Even when a person seeks damages and not release, as here, habeas corpus remains the sole federal remedy when a ruling in the plaintiffs favor would call into question the validity of his confinement. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiffs' claims all revolve around defendants' failure to grant plaintiff the relief requested in his two state habeas petitions and his post-commitment motion. As such, a favorable ruling would clearly call into question the validity of plaintiff's confinement and plaintiff's claims may not proceed under § 1983.

Although in some cases courts may recharacterize a § 1983 complaint as a habeas petition, I cannot do so in this case. See Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (stating that when a complaint names the correct defendant and seeks the correct relief, the court may recharacterize a § 1983 complaint as a habeas petition). The complaint does properly name the director of the Sand Ridge Treatment facility. However, it also names several defendants who would not be proper respondents to a habeas

4

petition, and it does not seek the correct relief. Perhaps most importantly, plaintiff's claims are currently presented in such a way as to implicate the individual defendants in the alleged constitutional violations. Should plaintiff choose to file a habeas petition, he may want to alter his allegations so that they focus more directly on the underlying validity of his confinement.

Thus, I will dismiss this case without prejudice. "Without prejudice" means that plaintiff may refile his claim as a habeas corpus action under 28 U.S.C. § 2241, subject to the rules and limitations of those proceedings.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 6 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge

5

Case 2:06-cv-01087-LA   Filed 11/06/06   Page 5 of 5   Document 3